SEE, Justice
(concurring in the rationale in part and concurring in the result).
I concur in the main opinion as to its resolution of all of the issues except one, as to which I concur only in the result.
Trawiek argues that in her individual capacity she is entitled to immunity from Fred and Rhonda’s claim that she negligently and wantonly failed to warn Rhonda about the complaints of James Anderson’s alleged child abuse. Ex parte Cranman, 792 So.2d 392, 405 (Ala.2000), provides immunity to a State agent when “the conduct made the basis of the claim against the agent” is based upon her “discharging duties imposed ... by statute, rule, or regulation, insofar as the statute, rule, or regulation prescribes the manner for performing the duties and the State agent performs the duties in that manner.... ” Trawiek claims that she is immune from Fred and Rhonda’s failure-to-warn claim because, she says, she was legally obligated to keep the complaints against James Anderson confidential.
Fred and Rhonda do not complain, however, that Trawiek kept information confidential. Instead, they complain that she actively misrepresented facts to Rhonda. Trawiek does not point to any statute, rule, or regulation that would impose upon her a duty to misrepresent facts to someone such as Rhonda. As the main opinion *60 States, Trawick stated to Rhonda that the employees at Miss Emma’s were “great people” and “never [had] been accused of anything,” when, in fact, a child-abuse complaint had been filed against James Anderson. Because Trawick cites no statute, rule, or regulation that put her under an obligation to misrepresent facts to Rhonda, the Cranman provision upon which Trawick relies does not immunize her from suit. Because I differ in the rationale upon which I reach the conclusion that Trawick is not entitled to immunity in her individual capacity under Cran-man category (3), I concur only in the result as to this issue; in all other regards, I concur.
SMITH, J., concurs.